JAMES DAL BON, SBN #157942
WISDOM LAW GROUP APC
1675 The Alameda #207
San Jose, CA 95126
Telephone: (408)915-3700
jdb@wagedefenders.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| Jeff Herzstein, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>West Marine Products, Inc., a Florida Corporation Registered in California and DOES 1 through 100<br><br>Defendants | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>1) CALIFORNIA LABOR CODES §§ 200,1197 1194, 1194.2 FAILURE TO PROPERLY PAY WAGES<br>2) VIOLATION OF LABOR CODE §§ 201, 202, AND 203 –FAILURE TO PAYWAGES DUE AND "WAITING TIME" PENALTIES<br>3) VIOLATION OF LABOR CODE § 226 –FAILURE TO PROVIDE ACCURATE WAGE STUBS<br>4) VIOLATION OF LABOR CODE § 2802 – FAILURE TO REIMBURSE<br>5) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 |

COMES NOW Plaintiff, Jeff Herzstein complains of Defendants West Marine Products and DOES 1 through 100and alleges as follows:

1

NATURE OF CLAIM

This is a Class Action on behalf of non-exempt employees paid on an hourly basis plus bonuses and commissions employed by of Defendants West Marine Products. throughout California. The Plaintiff, individually and as representative plaintiff on behalf of persons similarly situated, seeks damages in the form of lost wages, and reimbursement of business-related expenses. The Plaintiff seeks waiting time and paystub penalties, expenses, interest and liquidated damages, restitution of wages for himself and other similarly situated employees of Defendants

PARTIES

1) At all times herein mentioned, Plaintiff, Jeff Herzstein ("Herzstein") was an individual living in the County of Santa Clara, State of California.

2) Defendants West Marine Products, Inc is a Florida Corporation registered to do business in the State of California with its headquarter in the State of Californiaand Does One through One Hundred shall hereinafter be known as "Defendants"

3) "Putative Plaintiffs" are non-exempt employees of Defendants, working for the Defendants in the State of California for wages, commissions and or bonuses.

4) "Plaintiffs" hereinafter collectively refer to the individual Plaintiff, Jeff Herzstein and the Putative Plaintiffs.

5) Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, and therefore sues said Defendants by the fictitious names DOES 1 through 100. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that

each of said fictitiously named defendants is responsible in some manner for the occurrences and happenings herein alleged.

6) Plaintiffs are informed and believe, and upon said basis allege, that at all times herein mentioned each of the defendants was an agent, servant, employee and/or joint venture of each of the remaining Defendants and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture. Because of the agency, employment and/or joint venture relationship between defendants, each defendant had actual and/or constructive knowledge of the acts of each of the other defendants. Each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful act.

## VENUE

7) Jurisdiction is appropriate in this case because there is complete diversity btween the Plaintiff a citizen of the State of California and the Defendant a citizen of the State ofFlorida

## GENERAL ALLEGATIONS

8) At all times relevant herein, Defendants jointly employed the Plaintiffs as non-exempt workers and paid them on an hourly basis plus commissions and or bonuses.

9) Plaintiff Herzstein began working as a exempt employee for Defendant West Coast Marine as Director of Replenshment.

10) Defendant West Coast Marine employed the Plainbtiff Herzstein from February of 2015 until Plaintiff Herzstein resigned on December 22, 2023

11) Defendants paid Plaintiff Herzstein a salary of $170,000 per year, bonuses based on company performance, medical benefits and company match 401k

12) At the time he quit, Plaintiff's job duties included: responsiblity for the replenishing products to all stores nation wide, forecasting sales and manag niingne other employees.

13) When the Plaintiff Herzstien started at Defendant West Coast he accumulated paid time off at approximately six hours every two weeks.

14) Defendant West Coast Marine allowed all employees to accumulate paid time off on a bi weekly basis.

15) On Januarty 1, 2021 the Defendant West Coast Marine changed to an unlimited pais time off plan.

16) However Defendant West Marine failed to compensate the employees for the paid time off they had accumulated up until January 1, 2021 when they switched over to the unlimited paid time off plan.

17) Defendant West Marine failed to pay the employees that had accumulated paid time off on their books for the paid time off they had earned up to January 1, 2021.

18) Defendant West Marine failed to pay the employees with accumulated paid time off from before January 1, 2012 unlimited paid time off when they changed ovefr topaying employees unlimited paid time off after Janaury, 1, 2021.

19) Instead Defendant West Marine subtracted the paid time their employees had accumulated and earned when they took time off after they switched over to an unlimited paid time off policy on January 1, 2021.

20) Defendant West Coast Marine made a concious choice

4

# CLASS ALLEGATIONS

21) Plaintiff Jeff Herzstein brings this action on behalf of himself and all similarly situated workers (the "Putative Plaintiffs") pursuant to California Code of Civil Procedure 382 because a well-defined community of interests exists between the Plaintiff and the Putative Plaintiffs in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class, and (3) the class is easily ascertainable.

22) The Plaintiff Jeff Herzstein seeks to represent through the date of final disposition of this action the following class:

all non-exempt employees who have been employed or who are employed by Defendants in California within four (4) years of the filing of this Complaint, as non-exempt employees, who are or were paid on an hourly basis, and who suffered the following:

a. did not have the commissions and bonuses earned added to their regular rate of pay in determining their overtime rate of pay;

b. were not provided with accurate pay stubs; and

c. were not reimbursed for their work-related expenses.

23) Plaintiff also seeks to represent the following sub-classes:

All non-exempt hourly employees whose employment ended in California within three (3) years of the filing of this Complaint who Defendants employed as nonnon-exempt commissioned and hourly employees with bonuses, and who Defendants failed to fully pay their wages within seventy-two (72) hours of the end of their employment.

24) Plaintiff is informed and believes, and upon said basis alleges, that the legal and factual issues are common to the class and all affected Putative Plaintiffs. Plaintiff reserves the right to amend or modify the class description with greater specificity or to further divide the class into subclasses or limit their claims to particular issues.

A. Numerosity

25) The potential members of the Class as defined herein are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined as this time, Plaintiff is informed and believes that Defendants during the relevant time periods likely employed more than 500 workers in California who are, or have been, affected by Defendants unlawful practices as alleged herein.

26) Joinder of all members of the proposed Class is not practical.

B. Commonality

27) There are questions of law and fact common to the Class predominating over any questions affecting only individual class members. These common questions of law and fact include, without limitation, the following:

a. whether Defendants violated the law pertaining to overtime wages under the California Labor Code and related Wage Orders as a result of the allegations set forth in this Complaint;

b. whether Defendants violated the California Labor Code and related Wage Orders by failing to maintain accurate records of Plaintiffs' earned wages, itemize all wages earned, and accurately maintain other employment records;

c. whether Defendants violated the California Labor Code and related Wage Orders by failing to pay all earned wages and premium wages due and owing at the time Plaintiffs' employment with Defendants ended;

d. whether Defendants violated Labor Code §2802 by failing to reimburse Plaintiffs for all work related expenses;

e. whether Defendants failed to pay Plaintiffs statutory penalties pursuant to Labor Code §§ 201, 202, and 203;

f. whether Plaintiffs are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory relief, injunctive relief, attorney's fees, interest and costs and other relief pursuant to the California Labor Code and related Wage Orders, and Business and Professions Code §17200 et. seq.

C. Typicality

28) Plaintiff will fairly and adequately represent and protect the interests of the members or the Class. Plaintiff has no interests which are adverse to the Class. Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions.

D. Superiority of Class Action

29) A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting individual members of the Class. Each member of the Class has been damaged and is entitled to recover by reason of Defendants' unlawful policies and practices as described herein.

FIRST CAUSE OF ACTION
(Violation of California Labor Codes §§ 200 and 1194 1194.2–
Failure to Properly Pay Wages)

30) Plaintiff incorporates paragraphs 1 through 29 inclusive of the Complaint as if fully set forth herein.

31) California Labor Code §§ 200 and 1194 1194.2, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment of overtime at the correct rate of pay.

32) During the course of employment with Defendants, Plaintiffs regularly worked overtime hours

33) California law requires the Defendants to pay nonexempt employees at one and a half times their regular rate of hourly pay when they work overtime hours.

34) California law required the Defendants add the commissions and bonuses earned by them to their weekly pay to determine their regular rate of pay for purposes of calculating overtime.

35) California Labor Code Section 1194 provides that it is unlawful for employers not to make the required payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

36) Defendants therefore owe Plaintiffs wages not properly paid to Plaintiffs in an amount to be determined at trial.

37) Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

38) Defendants violated the provisions of Labor Code §§ 200 and 1194 by failing to pay the Plaintiffs at the proper rate.

39) Defendants violated the provisions of Labor Code § 1194.2 by failing to pay the Plaintiffs minimum wage and now owe the Plaintiffs amount equal to the wages unlawfully unpaid and interest thereon.

40) Pursuant to Labor Code § 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

SECOND CAUSE OF ACTION
(Violation of Labor Code §203 –
Failure to Pay Wages Due and "Waiting Time" Penalties)

41) Plaintiff incorporates paragraphs 1 through 29 inclusive of the Complaint as if fully set forth herein.

42) At the time Plaintiffs' employment ended with Defendants, Defendants owed Plaintiffs certain unpaid wages as previously alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

43) Failure to pay wages owed at the time an employee is terminated as required by Labor Code § 201 or § 202 subjects the employer for the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

44) As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

45) Pursuant to Labor Code §§ 203 and 1194, Plaintiff requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

THIRD CAUSE OF ACTION
(Violation of Labor Code § 226 –
Failure to Provide Accurate Wage Stubs)

46) Plaintiff incorporates paragraphs 1, through 33, inclusive, of the Complaint as if fully set forth herein.

47) At all times relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

48) Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226. Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the true hours worked, and gross wages earned for each pay period.

49) As a direct result, Defendants did not pay all Plaintiffs' regular hours. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

50) As a result of the violations set forth in this Third Cause of Action, Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action. Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action pursuant to the Labor Code.

## FOURTH CAUSE OF ACTION

(Labor Code § 2802 – Failure to Reimburse Expenses)

51) Plaintiff incorporates paragraphs 1 through 29 , inclusive, of the Complaint as if fully set forth herein.

52) Under California Labor Code § 2802, employers must reimburse employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or him duties, or of his or him obedience to the directions of the employer."

53) Defendants failed to reimburse the Plaintiffs for their expenses pursuant to Labor Code § 2802.

54) By failing to reimburse the Plaintiffs' expenses pursuant to Labor Code § 2802, Defendants have injured Plaintiffs in that they have lost use of the money accumulated over a four-year period owed to them by the Defendants.

55) As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of money in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

## FIFTH CAUSE OF ACTION

(Unfair Business Practices
Violation Of California Business and Professions Code § 17200)

56) Plaintiff incorporates paragraphs 1 through 29 , inclusive, of the Complaint as if fully set forth herein.

57) At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, to be paid regular wages for all time worked unless specifically exempted by the law, to be paid at a minimum hourly rate, and to be reimbursed for all work-related expenses.

58) At all times relevant herein, Defendants, as the employers of Plaintiffs were subject to the California Unfair Trade Practices Act (Business and Professions Code §17000 et seq.).

Defendants violated Business and Professions Code §17000 et seq. by failing to pay the Plaintiffs, who are members of the general public, overtime pay, regular wages, and to reimburse expenses as required by applicable state and federal laws, which Plaintiffs were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiffs.

59) In doing the above referenced acts, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

60) As a direct and proximate result of Defendants' violations and failure to pay the required wages, and work-related expenses, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred losses in the form of unpaid wages and expenses in amounts to be proved at trial.

61) Defendants were aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs certain wages and overtime pay due and to reimburse them for work related expenses.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For compensatory damages pursuant to Labor Code §§ 1194 and 1194.2 for overtime wages according to proof;

2. For restitution of unpaid, regular wages, and expenses pursuant to Business and Professions Code §17203 according to proof;

3. For equitable and injunctive relief under Business and Professions Code §17200, et seq. including but not limited to equitable accounting;

4. For waiting time penalty damages of thirty days wages to Plaintiff and Putative Plaintiffs, pursuant to Labor Code § 203 according to proof;

5. For damages and penalties for not providing accurate pay statements pursuant to Labor Code § 226 according to proof;

6. For reimbursement of work-related expenses pursuant to Labor Code § 2802 according to proof;

7. For pre-judgment interest of 10% on the unpaid compensation and wages according to proof;

8. For reasonable attorney's fees according to proof;

9. For costs of suit incurred herein; and

10. For such other and further relief as the court may deem proper.

July 26, 2024

Respectfully submitted,

*James Dal Bon*
_____

JAMES DAL BON

Attorney for Plaintiff

| | |
|---|---|
| JAMES DAL BON, SBN #157942<br>WISDOM LAW GROUP APC<br>1675 The Alameda #207<br>San Jose, CA 95126<br>Telephone: (408)915-3700<br>jdb@wagedefenders.net<br><br>Attorneys for Plaintiff | |

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| Jeff Herzstein, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br><br><br>Plaintiff,<br><br>vs.<br><br>West Marine Products, Inc., a Florida Corporation Registered in California and DOES 1 through 100<br><br>Defendants | Case No.<br><br>JURY DEMAND |

Plaintiff demands a jury.

July 26, 2024

Respectfully submitted,

*James Dal Bon*
_____

JAMES DAL BON

  Attorney for Plaintiff